■ In the Matter of HALSTEAD AVENUE REALTY CORP., Respondent, v HOWARD M. HOLTZMANN et al., Constituting the Village of Mamaroneck Board of Appeals, Appellants.—In a proceeding pursuant to CPLR article 78 to review appellants' determination, dated September 4, 1975, which, after a hearing, denied petitioner's application to erect, at certain portions of its property, 275 feet of six-foot high galvanized coated chain link fence, with an eight-foot high gate (and to thus obtain a variance from a village zoning ordinance which generally limits fences to a four-foot height), the appeal is from a judgment of the Supreme Court, Westchester County, entered January 15, 1976, which, *inter alia,* set aside the determination and directed the issuance of the variance. Judgment affirmed, with costs. In our opinion the record clearly establishes that the denial of the variance was arbitrary, capricious and an abuse of discretion; the determination of Special Term, which implicitly recognizes such to be the case, is fully supported by the evidence. We take particular note that the board's decision fails to mention that there is a 15-foot drop down an embankment to the railroad tracks at the rear of petitioner's premises. Further, although the principal and underlying basis of the board's denial of the application was its conclusion that petitioner was violating a 1974 special permit, until its initial announcement of the general terms of its decision herein on August 7, 1975, no building department notice of violation or any other official charges had been served on petitioner and, therefore, no independent prior determination or adjudication had been made that petitioner had committed such a violation. Although the board could, and did in fact, examine the site (see *Matter of Forrest v Evershed,* 7 NY2d 256), it is not a building department, prosecutor or court of law and, therefore, could not, in the course of this hearing on an application for a variance, single handedly charge, prosecute and adjudicate that petitioner had violated the special permit. We do not pass upon the issue of the uses to which petitioner may put Lots Nos. 31 and 32, and our decision is without prejudice to such independent proceedings or prosecutions as may be appropriate for any past, present or future violations (if any) of the 1974 special permit or of local zoning or building ordinances, etc. Petitioner's brief asserts that, by virtue of changed plans and "shifted business priorities", it seeks a relocation of the fence and asks that the matter be remitted to Special Term for a plenary hearing as to the location of the fence. We find, however, that Special Term already has such authority by virtue of the final decretal paragraph contained in the judgment appealed from. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.